## In re AUTOMOBILE CO-OP. ASS'N OF AMERICA.

(District Court, S. D. New York. May 3, 1915.)

1. DEPOSITIONS ⬤➡56—NOTICE—REQUISITES—NAME OF WITNESS.

Under Gen. Code Ohio, § 11531, providing that depositions may be taken out of the state, and section 11534, providing that written notice of intention to take a deposition shall be given, the notice should state the name of the witness whose deposition is to be taken, since the "deposition" is the sworn testimony of a witness.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 90–117; Dec. Dig. ⬤➡56.

For other definitions, see Words and Phrases, First and Second Series, Deposition.]

---

2. DEPOSITIONS ⊕⇒56—NOTICE—REQUISITES—NAME OF WITNESS.

    A deposition taken to be used in an action in the federal court on the ground that the witness resides more than 100 miles from the place of trial, which is not a ground for the taking of a deposition under the Code of the state in which the action was pending, is taken under Rev. St. § 863 (Comp. St. 1913, § 1472), permitting the taking of a deposition on that ground, and if the notice fails to state the name of the witness whose deposition is to be taken, as required by that section, the witness can decline to be sworn.

    [Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 90–117; Dec. Dig. ⊕⇒56.]

Application by the Automobile Co-Operative Association of America to punish William M. Sweet for contempt in declining to be sworn as a witness, so that his deposition could be taken. Application denied.

Howard H. Williams, of New York City, for petitioner.
Charles Neave, of New York City, for respondent.

LACOMBE, Circuit Judge. Upon the argument, the court indicated why, in this district, it had been repeatedly held that the notice stating that a witness was to be examined de bene esse in some place remote from the forum should give the name of the witness. If this be done, counsel for the adversary party can determine whether he may safely allow the examination to proceed, instructing some local counsel to be present, or whether it is necessary that he should attend personally, perhaps at great expense to his client. Any other practice is embarrassing and tends to increase the cost of lawsuits, a matter which courts should discourage. The federal practice recognizes this, for section 863 expressly provides that the name of the witness shall be stated in the notice.

[1] Petitioner contends that the act of March 9, 1892, makes the mode prescribed by the laws of the state of Ohio (in a federal court of which state controversy is pending) applicable. Counsel cites from the Code of that state sections 11531 and 11534. The first of these sections provides that "depositions" may be taken out of the state. A "deposition" is the sworn testimony of a witness. Section 11534 provides that written notice of the "intention to take a deposition" shall be given. I should understand this to imply that the notice should state that the testimony of some particular witness is to be taken, and find nothing to the contrary in the section. Surely the statement that the notice shall specify the action, the name of the court, the time and place where deposition will be taken does not require a construction which will leave the notice silent as to the most important piece of information to be given to the adverse party, viz., who it is that the other side intends to examine.

[2] This discussion, however, is probably academic, because the notice and the petition both state that the ground for taking deposition is that the witness resides "more than 100 miles from the place of trial." No such ground is stated in the sections of the Ohio Code which have been quoted in the brief. The phrase, however, is found

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in section 863, Rev. Stat. U. S.† From this circumstance it is apparent that the notice with which we are here concerned was given under section 863. Since it was concededly defective under that section, the witness quite properly declined to be sworn. Motion denied.